**UNITED STATES DISTRICT COURT**
District of New Jersey

| | |
|---|---|
| **CHAMBERS OF**<br>**JOSE L. LINARES**<br>JUDGE | **MARTIN LUTHER KING JR.**<br>**FEDERAL BUILDING & U.S. COURTHOUSE**<br>50 WALNUT ST., ROOM 5054<br>P.O. Box 999<br>Newark, NJ 07101-0999<br>973-645-6042 |

<u>NOT FOR PUBLICATION</u>

LETTER OPINION

November 12, 2008

<u>**VIA U.S. MAIL**</u>
Joseph Aruanno #363
NRU/STU
P.O. Box 699
Kearny, NJ 07032-0699

<u>**VIA ELECTRONIC FILING**</u>
All Defendants

      Re:    <u>Aruanno v. Booker, et al</u>, No. 08-305 (JLL)

Dear Counsel:

      This matter is before the Court by way of Plaintiff Joseph Aruanno's ("Plaintiff" or "Aruanno") appeal of Magistrate Judge Cecchi's August 12, 2008 decision denying his motion for *pro bono* counsel. (Docket Entry Nos. 14, 22, 30.) This Court has reviewed the motion and decides the matter without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons stated herein, the Court AFFIRMS Magistrate Judge Cecchi's August 12, 2008 Order.

**I.**    <u>**Standard of Review**</u>

      A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court pursuant to 28 U.S.C. § 636(b)(1)(A). The district court will only reverse a magistrate judge's decision on these matters if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Anderson v. Bessemer City</u>, 470 U.S. 564, 573 (1985) (citing <u>United States v. U.S. Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). The district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. <u>Bowen v. Parking Auth. of City of Camden</u>, 2002 WL 1754493, at *3 (D.N.J.

July 30, 2002).  A ruling is "contrary to law" when the magistrate judge has misinterpreted or misapplied the applicable law.  See, e.g., Pharm.  Sales & Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F. Supp. 2d 761, 764 (D.N.J. 2000).

In matters where the magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of discretion.  See, e.g., Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996) ("Where, as here, the magistrate has ruled on a non-dispositive matter such as a discovery motion, his or her ruling is entitled to great deference and is reversible only for abuse of discretion.").  "This deferential standard is 'especially appropriate where the Magistrate Judge has managed this case from the outset and developed a thorough knowledge of the proceedings.'"  Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 214 (D.N.J. 1997) (quoting Pub. Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir. 1995)).  However, a magistrate judge's legal conclusions on a non-dispositive motion will be reviewed de novo.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992).  The present motion for *pro bono* counsel is non-dispositive and thus will be reviewed for abuse of discretion.

**II.    Analysis**

A motion for *pro bono* counsel implicates the analytical framework set forth in a trilogy of Third Circuit decisions.  Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002); Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 156 (3d Cir. 1993).  First, a court must decide whether the Plaintiff's claims have "some arguable merit in fact and law."  Montgomery, 294 F.3d at 499.  Upon making that threshold finding, a Court then balances the six factors outlined by the Third Circuit in Tabron: (1) a plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses; and (6) whether a plaintiff can attain and afford counsel on his own behalf.  Tabron, 6. F.3d at 155-57.

In applying the factors at hand, Magistrate Judge Cecchi found that Plaintiff was able to articulate his legal claims and that the legal issues at hand were "fairly straightforward."  (Docket Entry No. 33 at 2.)  Moreover, Magistrate Judge Cecchi found that Plaintiff should be able to investigate the relevant factual evidence in this matter and will not need the assistance of expert witnesses.  Thus, Magistrate Judge Cecchi properly applied the Tabron factors to this case.  While Plaintiff reiterates his need for *pro bono* counsel, he gives this Court no reason to find that Magistrate Judge Cecchi abused her discretion.

Accordingly, Magistrate Judge Cecchi's August 12, 2008 Order denying *pro bono* counsel is AFFIRMED**.**  An appropriate order accompanies this Opinion.

                                                      /s/ Jose L. Linares  
                                                      United States District Judge