NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                        :
JOSEPH ARUANNO,                         :
                                        :
            Plaintiff,                  :
    v.                                  :   CIVIL ACTION NO. 08-305 (JLL)
                                        :
ANDREW BOOKER, PAUL LAGANA,             :
GEORGE HAYMAN, CAPRICE                  :   **OPINION**
CHAVERS, MERRILL MAIN, and              :
KEVIN RYAN,                             :
                                        :
            Defendants.                 :
_____:

**LINARES**, District Judge.

Plaintiff Joseph Aruanno ("Plaintiff" or "Aruanno") brings the present action against Defendants Paul Lagana ("Lagana"), George Hayman ("Hayman"), Caprice Chavers ("Chavers") (collectively, "DOC Defendants"), Merrill Main ("Main") and Kevin Ryan ("Ryan") (collectively, "DHS Defendants"), and Andrew Booker ("Booker") pursuant to 42 U.S.C. § 1983. On November 24, 2008, this Court granted the first motion to dismiss by both DHS and DOC Defendants, but allowed Plaintiff to 20 days within which to amend his complaint. (Docket Entry # 42.) On December 8, 2008, Plaintiff filed a timely amended complaint. (Docket Entry # 50.) The DHS Defendants and DOC Defendants now move once again to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] Additionally, Plaintiff Aruanno brings a motion to disqualify the Attorney General from representing Defendant Booker and a motion to reconsider

_____

[1] Defendant Booker filed an answer to the Complaint on February 11, 2009. Plaintiff has a pending motion to disqualify the Attorney General from representing Booker but otherwise there are no pending motions with respect to his involvement in the case.

this Court's previous opinion affirming Magistrate Judge Cecchi's decision not to appoint pro bono counsel. The Court has reviewed the parties' submissions and decides the instant motion without oral argument, pursuant to Fed. R. Civ. P. 78. For the reasons set forth in this opinion, the motions to dismiss are granted, and Plaintiff's dual motions are denied.

**I.      Background**

The facts of this case are set forth at length in this Court's November 24, 2008 Opinion. (Docket Entry # 42.) Rather than repeating them in full, the Court refers the parties to that Opinion and moves directly to the issues posed by the pending motions.

**II.     Plaintiff's Motions[2]**

**A.     Motion for Reconsideration**

On December 1, 2008, Plaintiff filed a motion to reconsider this Court's November 13, 2008 Opinion affirming Magistrate Judge Cecchi's denial of *pro bono* counsel in this matter. (Docket Entry # 39.) On August 12, 2008, Magistrate Judge Cecchi issued her opinion denying Plaintiff's application for *pro bono* counsel. Plaintiff appealed that decision, and this Court eventually affirmed. Now Plaintiff asks this Court to reconsider the decision to affirm.

Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order. L.Civ.R. 7.1(i).[3]

---

[2] To the extent that Plaintiff also bring a motion for injunctive relief, that request is denied. A court may grant an injunction only if a party shows: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. Kos Pharms. Inc. v. Andrx Corp., 369 F. 3d 700, 708 (3d Cir. 2004) (quotations omitted). Other than requesting injunctive relief, Plaintiff does not establish either a likelihood of success or irreparable harm and thus the request is denied.

[3] This rule was previously Local Civil Rule 7.1(g).

Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly." See L.Civ.R. 7.1(i) cmt.6(d); see also Fellenz v. Lombard Investment Corp., Nos. 04-3993, 04-5768, 04-3992, 04-6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)). The motion may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached. See, e.g., P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001).

There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. See, e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004); Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). Plaintiff's request to reconsider does not implicate any of three grounds warranting a motion for reconsider. He alludes to no change in controlling law, provides no new evidence, and does not meet the burden of proving manifest injustice. At best, he re-states the arguments that were initially presented to Judge Cecchi in support of his initial motion and to this Court in support of his appeal. Plaintiff's motion to reconsider is accordingly denied.

**B.     Motion to Disqualify Attorney General**

Next, Plaintiff moves to disqualify the New Jersey Attorney General's office from representing Officer Booker in this matter. The Attorney General's representation of a state defendant is governed by N.J.S.A 59:10A-1 et seq. A state employee's right to counsel is triggered by his requesting that the Attorney General provide representation. Prado v. State, 186 N.J. 413, 895 A.2d 1154 (2006). At that point, the Attorney General must provide counsel for

the "defense of any action brought against such State employee or former State employee on account of an act or omission in the scope of his employment." N.J.S.A 59:10A-1. A state employee is not, however, entitled to representation if the Attorney General determines that (1) the act or omission was not within the scope of employment; or (2) the act or failure to act was because of actual fraud, willful misconduct, or actual malice; or (3) the defense of any action would create a conflict of interest between the State and the former employee or employee. N.J.S.A 59:10A-2. In those instances, the Attorney General "*may* refuse to provide for the defense of an action." Id. (emphasis added.)

Here, the Attorney General evaluated the present complaint and decided to provide counsel to Defendant Booker. Plaintiff Aruanno asks the Court to disqualify the Attorney General's office because it would "harm and violate the taxpayers of NJ to have to pay to represent the defendants for their criminal actions..." (Docket Entry # 49 at 2.) The Attorney General having exercised its discretion to provide counsel to Defendant Booker, this Court is in no position to question that decision. The Attorney General is entitled to evaluate the guidance provided by N.J.S.A 59:10A-1 et seq. and make a determination as to whether counsel is warranted. Plaintiff Aruanno presents no evidence to suggest that the Attorney General is operating under an incurable conflict-of-interest in this situation, and thus the Court denies Plaintiff's motion to disqualify.

### III. Defendants' Motions

The DOC and DHS Defendants each bring motions to dismiss pursuant to Federal Rule of Procedure 12(b)(6) and the Court evaluates them in turn.

#### A. Legal Standard

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.

Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[4]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although the proscriptions of Rule 8 apply to all plaintiffs, when a plaintiff is proceeding pro se, the court must construe the complaint liberally.  Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing pro se plaintiffs' pleadings liberally").  Moreover, given the disparity in legal sophistication, the court will hold a complaint submitted by a pro se plaintiff to a less exacting standard than one submitted by trained counsel.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Haines v. Kerner, 404 U.S. 519 (1972).

**B.     Discussion**

    **1.     DOC Defendants**

---

[4] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

In the November 24, 2008 Opinion, this Court dismissed Plaintiffs' claims against the DOC Defendants – Lagana, Hayman, and Chavers – for Plaintiff's failure to allege their direct involvement in the actions underpinning his claim for relief. Pursuant to Rode v. Dellarciprete, 845 F. 2d 1195, 1207 (3d Cir. 1988), liability under Section 1983 cannot be predicated on the operation of *respondeat superior*. Rather, a plaintiff must show a defendant's personal involvement, through "allegations of personal direction or of actual knowledge and acquiescence." Id. Absent direct involvement, a plaintiff can hold a supervisor liable for failure to train or supervise if the supervisor has shown deliberate indifference to the plight of the person involved. Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999). "In order for a supervisory official to be held liable for a subordinate's constitutional tort, the official must either be the moving force behind the constitutional violation or exhibit deliberate indifference to the plight of the person deprived." Pair v. Danberg, No. 08-458, 2008 WL 4570537 at *2 (D.Del. Oct. 14, 2008) (internal quotations and citations omitted).

The only point at which Aruanno references all of the DOC Defendants is when he claims that they "should have known about Bookers past in their supervisory role..." (Am. Compl. at 5.) He also alleges that Chavers "lack of action was both clearly in her personal capacity because she refused to act obligated, which would also be part of a conspiracy with Lagana who admits to immediately contacting her but twists his intentions..." (Am. Compl. at 6.) While the Court is unclear as to exactly what conspiratorial actions underpin the second allegation, the simple fact is that none of the above claims withstand rule 12(b)(6) scrutiny. The first allegation is based purely on the DOC Defendants' supervisory roles and is accordingly barred by Rode. And the second claim states conclusory allegations of conspiracy and does not articulate any facts

6

supporting deliberate indifference. Together, both claims make bald factual assertions and give legal conclusions that are unsupported within the Amended Complaint.

Thus, having reviewed Aruanno's Amended Complaint in full, the Court grants DOC Defendants' motion to dismiss.

### 2. DHS Defendants

In the November 24, 2008 Opinion, this Court dismissed Plaintiff's claims against Main and Ryan because taking the allegations in his complaint as true, he had failed to implicate either Defendant on a deliberate indifference claim. "Deliberate indifference" is a subjective standard in which the official knew of a "substantial risk of serious harm" and disregarded the risk by "failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 834 (1994). "To be liable on a deliberate indifference claim, a defendant prison official must both know of and disregard an excessive risk to inmate health or safety. The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001).

In his original complaint, Plaintiff simply referred to vague "atrocities" and alleged that the DHS Defendants allowed employees to violate prisoners in "these ways." (Nov. 24, 2008 Opinion at 8; Compl. at 2.) Finding that this sort of vague allegation fell short of establishing deliberate indifference, the Court granted the motion to dismiss and allowed Plaintiff a chance to re-plead. Plaintiff now simply asserts that:

> These atrocities involve a practice and pattern of being verbally harassed and neglected on a daily basis. And worse being subjected to a pattern and practice of physical assaults on the residents here, including myself, sometimes for no reason

> at all except being warehoused by persons who are always angry and express dislike for the residents, and their titles, of this institution. And the real atrocity comes when in reality the farce is that we are here to be "cared" for and treated like patients when in fact it is not short of a repressive environment at the hands of these terrorist as the residents claim in their class-action law-suit here! Which in itself has made clear to all defendants in this case but they continue their criminal behavior in more than just a "deliberate indifference" manner.

(Compl. at 4.) Plaintiff also claims that Main told the Special Master in an unidentified case, Dr. Judith Becker, that no one stays in lock-up for more than 24 hours, when in reality Plaintiff alleges that residents stay in lock-up for much longer. (Id.)

None of these allegations serve to correct the flaw in Plaintiff's first complaint – that he had provided nothing but conclusory allegations as to what constituted the "atrocities" committed by the DHS Defendants. Alleging a general pattern of verbal harassment by unidentified staff members does not suffice to allege a claim of failure to protect against the DHS Defendants. Because Aruanno has failed to allege a claim of failure to protect – both by failing to articulate specific acts engaged in by Main and Ryan, and by failing to plead or identify any facts to suggest deliberate indifference – the Court grants the DHS Defendants' motion to dismiss.

## IV.   Conclusion

For the reasons set forth above, Plaintiff's motion to reconsider and motion to disqualify the Attorney General's office is **DENIED.** Additionally, the DOC Defendants' and the DHS Defendants' motions to dismiss are each **GRANTED**. Plaintiff's claims against these defendants are dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: April 29, 2009                                   /s/ Jose L. Linares
                                                        United States District Judge

8