**NOT FOR PUBLICATION**                                    **CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 08-305 (JLL) |
| ANDREW BOOKER, PAUL LAGANA, GEORGE HAYMAN, CAPRICE CHAVERS, MERRILL MAIN, and KEVIN RYAN, | : OPINION |
| Defendants. | : |

**LINARES**, District Judge.

This matter comes before the Court on Defendant Andrew Booker's ("Defendant") motion to dismiss Plaintiff's complaint for refusal to cooperate with discovery requests.

**I.    Background**

The facts of this case are set forth at length in this Court's November 24, 2008 Opinion. (Docket Entry # 42.) Rather than repeating them in full, the Court will only set forth the facts relevant to the instant motion. On December 16, 2009, Defendant served Plaintiff with initial interrogatories and requests for production of documents. (Scott Decl., ¶ 3, Exh. A). By letter dated December 25, 2009, Plaintiff stated that he refused to respond to Defendants' discovery demands until the Court granted him a temporary restraining order and injunctive relief.[1] This Court's Second Amended Scheduling Order set the close of discovery as February 3, 2010. However, by letter order dated February 11, 2010, Magistrate Judge Cecchi permitted Plaintiff to

---

[1] This Court's April 29, 2009 Opinion denied Plaintiff's request for such relief. (Docket Entry # 59).

respond to all outstanding discovery demands by February 26, 2010. (Docket Entry # 81). Defendant certifies that the United States Post Office has never returned either Defendant's discovery requests that were sent to Plaintiff, or Judge Cecchi's February 26, 2010 order that was sent to Defendant.

## II.    Discussion

This Court undoubtedly has the power to dismiss a complaint on its own motion or on the motion of an opposing party. Complaints may be dismissed by courts as part of their power to control and manage dockets or as a sanction. Eash v. Riggins Trucking Inc., 757 F.2d 557, 568-69 (3d Cir. 1986). Dismissal may be appropriate where a complaint facially violates a bar to suit, violates a court order, or where a plaintiff fails to prosecute the case. Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002) (facial bars); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990) (court orders); Eash, 757 F.2d at 560 (discussing dismissal for failure to prosecute in global analysis of inherent power). There are, however, limits to a district court's inherent power, such as the requirements of due process and the borders of judicial authority. In re Tutu Wells Contamination Lit., 120 F.3d 368, 379, 382-84 (3d Cir. 1997), overruled on other grounds, Comuso v. Nat. R.R. Passenger Corp., 267 F.3d 331, 338-39 (3d Cir. 2001).

The Third Circuit applies the test developed in Poulis v. State Farm Fire and Casualty Co. to the dismissal of claims pursuant to the inherent sanction power of the district courts. 747 F.2d 863 (3d Cir. 1984). Poulis requires a district court to balance six factors in determining whether dismissal is appropriate:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and to respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal,

> which entails an analysis of <u>alternative</u> <u>sanctions</u>; and (6) the <u>meritoriousness</u> of the claim or defense.

747 F.2d at 868 (emphasis in original). This test applies, generally, to any exercise of the sanction power of a district court depriving a party of the right to proceed with or defend a claim. <u>Comdyne I, Inc. v. Corbin</u>, 908 F.2d 1142, 1148 (3d Cir. 1990). Not all of these factors need be satisfied for the court to dismiss a claim or complaint. <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 221 (3d Cir. 2002).

First, Plaintiff is proceeding pro se and, therefore, bears sole responsibility for the prosecution of his claims and compliance with the rules of discovery and this Court's orders. Second, Defendant has been denied the opportunity to develop a substantive defense as the direct result of Plaintiff's refusal to participate in the discovery process and comply with this Court's orders. Third, based on the facts of the this case, Plaintiff has demonstrated a wilfulness to violate the rules of discovery and this Court's orders. On December 16, 2009, Defendant served Plaintiff with initial interrogatories and requests for production of documents. (Scott Decl., ¶ 3, Exh. A). By letter dated December 25, 2009, Plaintiff stated that he refused to respond to Defendants' discovery demands. By letter order dated February 11, 2010, Magistrate Judge Cecchi ordered Plaintiff to respond to all outstanding discovery demands by February 26, 2010. (Docket Entry # 81). Defendants certify that the United States Post Office has never returned either Defendants' discovery requests or Judge Cecchi's February 26, 2010 order. Accordingly, the Court can reasonably infer that Defendant is in receipt of both the request and the order to comply with said request. To date Plaintiff has not provided the discovery requested. Therefore, Plaintiff is in violation of Magistrate Judge Cecchi's order. Thus, based on Plaintiff's clear statement that he did not intend to participate in discovery coupled with his apparent decision not

to comply with a Court order, this Court finds that Plaintiff has engaged in willful conduct to violate this Court's order.

In sum, Plaintiff has been afforded ample opportunity to conform with the rules and orders of this Court, yet has failed to do so. Therefore, this Court finds that when applying the Poulis test to the facts of this case, even given Plaintiff's pro se status, dismissal of Plaintiff's complaint is warranted.

### IV.   Conclusion

For the reasons set forth above, Plaintiff's motion to dismiss is **GRANTED**. An appropriate order accompanies this opinion.

Dated: April 23, 2010

/s/ Jose L. Linares
United States District Judge